United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHERINE RAMIREZ,<br>Plaintiff,<br>v.<br>MECHANICS BANK, et al.,<br>Defendants. | Case No. 25-cv-06749-PCP<br><br>**ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE** |

No one in this case has heard from plaintiff Katherine Ramirez in six months. She last communicated with her then-counsel in March to confirm "that she would proceed with having [a] new attorney file a Substitution of Counsel form upon receiving her complete case file." Dkt. No. 39-2 ¶ 3. The change in counsel had been necessitated due to irreconcilable differences between Ramirez and her existing counsel as to whether and how to proceed with this case. *See id.* ¶¶ 1–3. But Ramirez never filed a substitution-of-counsel form. Nor did Ramirez respond to her then-counsel's two emails in May informing her that defendants had noticed her deposition and providing her with the Zoom information for that deposition. *See id.* ¶¶ 4–5. Perhaps unsurprisingly, Ramirez then failed to appear for her deposition. *See id.* ¶ 5; Dkt. No. 40 at 2. And Ramirez neither responded to her former counsel's emails in May and June informing her of his intent to file a motion to withdraw nor appeared at the July 9, 2026 motion hearing. *See* Dkt. No. 39-2 ¶¶ 6–7. In the briefing on the motion to withdraw and at the hearing, both Ramirez's former counsel and defendants represented to the Court that "it is readily apparent that [Ramirez] does not have any intention of actually moving forward with this case." Dkt. No. 39-1 at 4; *see also* Dkt. No. 40 at 2.

Based on the above, this Court issued an order on July 9, 2026 that authorized Ramirez's former counsel to withdraw. *See* Dkt. No. 47 at 1. The order also required Ramirez to "file a status

report advising the Court whether she plans to proceed pro se or to appear through new counsel" and to "explain the reasons for her failure to appear for her noticed deposition." *Id.* And the Court set a status conference for September 3, 2026. *Id.* The Court advised Ramirez "that failure to file a status report by August 6, 2026 or to appear at the September 3, 2026 status conference may result in the dismissal of this action for failure to prosecute."

Ramirez neither filed a status report nor appeared at the status conference. The Court therefore *sua sponte* considers whether to dismiss this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). In determining whether to dismiss, the Court must consider five factors:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.

*Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citation modified). The Court may dismiss "where at least four factors support dismissal, or where at least three factors 'strongly' support dismissal." *Yourish v. Calif. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (quoting *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)). Here, four factors favor dismissal.

First, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Id.*

The second factor also favors dismissal because Ramirez's failure to appear for her deposition prior to the close of fact discovery would likely necessitate an extension of the fact discovery cutoff, causing "serious disruption[]" to the Court's schedule. *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (citation modified). Further, "[i]t is incumbent upon the Court to manage its docket without being subjected to routine noncompliance of litigants such as" Ramirez, *Pagtalunan*, 291 F.3d at 642, who flouted the Court's orders to file a status report and to appear at the September 3, 2026 status conference. And Ramirez's conduct has needlessly "consumed … the [C]ourt's time that could have been devoted to other cases on the docket" by forcing her former counsel to file a motion to withdraw despite Ramirez's professed intent to seek

substitution of counsel and failing to appear at the status conference set by the Court. *See id.*

Third, for similar reasons, the risk of prejudice to Mechanics Bank is high and favors dismissal. As just discussed, Ramirez's failure to appear at her noticed deposition deprived Mechanics Bank of the opportunity to depose her prior to the close of fact discovery. *Cf. Quintara Biosciences, Inc. v. Ruifeng Biztech, Inc.*, 149 F.4th 1081, 1090 (9th Cir. 2025) (explaining that dismissal was not warranted where "[t]wo months of discovery remained" in which to cure a party's failure to comply with a discovery requirement). Were this action to proceed, defendants would therefore lack key evidence or would be forced to expend additional resources to conduct additional discovery after the expected cutoff date. And even were the Court to reopen discovery, nothing suggests that Ramirez would appear for a newly noticed deposition after having refused all case-related communication for the past six months.

Fourth, the Court has considered less drastic sanctions. The Court has offered Ramirez multiple opportunities to explain her failure to appear for her deposition and express her intent to continue litigating this action, either by filing a status report or by appearing at the September 3, 2026 conference. The Court also issued a warning two months ago that failure to make use of those opportunities would result in dismissal. *See id.* at 1091 (noting "that a warning can be sufficient to meet the 'consideration of alternatives' requirement" (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 132 (9th Cir. 1987))). And because Ramirez is unrepresented by counsel, there is no officer of the court whom the Court may subject to lesser sanctions for failing to comply with its orders.

The final factor—the public interest in resolving cases on the merits—always weighs against dismissal. *See Pagtalunan*, 291 F.3d at 643.

Because four of the five factors favor dismissal, the Court concludes that dismissal is proper under Federal Rule of Civil Procedure 41(b). Accordingly, the case is dismissed without prejudice, and the Clerk is ordered to close the case.

**IT IS SO ORDERED.**

Dated: September 8, 2026

P. Casey Pitts
United States District Judge